[Cite as *State v. Douglas*, 2023-Ohio-1791.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

DEVONTE JAMES DOUGLAS,

        Defendant-Appellant.

**CASE NO. 2022-T-0102**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 01072

---

**O P I N I O N**

Decided: May 30, 2023
Judgment: Affirmed

---

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward F. Borkowski, Jr.*, P.O. Box 609151, Cleveland, OH 44109 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Devonte Douglas, appeals his convictions of Aggravated Murder, Kidnapping, and Tampering with Evidence. For the following reasons, we affirm the judgment of the Trumbull County Court of Common Pleas.

{¶2} On December 22, 2021, The Trumbull County Grand Jury indicted Appellant on 3 counts: Aggravated Murder, an unclassified felony in violation of R.C. 2903.01(A), Kidnapping, a first-degree felony in violation of R.C. 2905.01, and Tampering with

Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1). Appellant pled not guilty to all counts.

{¶3} On February 7, 2022, Appellant filed a Motion for Competency Evaluation and a plea of not guilty by reason of insanity. The trial court ordered a competency evaluation and ordered the examiner to transcribe, in a competency report, her opinions, findings, and reasons supporting her findings. Dr. Jessica Hart conducted the evaluation and prepared a competency report. Both parties stipulated to the findings in the written competency report, in which Dr. Hart opined that Appellant was competent to stand trial and assist in his defense.

{¶4} On April 13, 2022, the court held a competency hearing. In its judgment entry on April 13, the court journalized that: "This matter came on for hearing on April 13, 2022 on the issue of the Defendant's competence to stand trial pursuant to ORC section 2945.371. * * * Based on the competency report and the stipulations made, the Court finds by a preponderance of the evidence that the Defendant is capable of understanding the nature and objectives of the proceedings against him and of assisting in his own defense." It is unclear from the record whether anyone testified in person at the competency hearing, but Dr. Hart was not present.

{¶5} On September 21, 2022, Appellant changed his plea to guilty on all counts.

{¶6} Appellant timely appeals and raises one assignment of error.

{¶7} Assignment of Error: "The trial court erred by failing to hold a competency hearing."

2

{¶8} Within his sole assignment of error, Appellant asserts that the trial court did not hold a competency hearing and "merely issued a journal entry finding [Appellant] competent."

{¶9} The record here, including the court docket and the April 13, 2022 judgment entry, demonstrates that the court held a competency hearing on April 13, 2022. The judgment entry stated that the court held a competency hearing on April 13. There is nothing in the record to suggest that the court did not hold the competency hearing.

{¶10} Further, Appellant's assertion that the court was required to hold a competency hearing, in this instance, is also misguided. When a defendant stipulates to findings in a competency report and the report finds the defendant competent to stand trial, a trial court is not required to hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G). *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6.

{¶11} Appellant's assignment of error is without merit.

{¶12} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

3

Case No. 2022-T-0102